698 F.2d 685
 25 Wage & Hour Cas. (BN 1237, 96 Lab.Cas. P 34,314
 Gary R. BROWN, Drew Terry, Michael Supan, Robert
Brunckhorst, Julian P. Couch, David Dexter, and
Michale Land, Donald R. Martin, Appellants,
v.
VIRGINIA OPERA ASSOCIATION, INC., Appellee.
 No. 82-1316.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 7, 1982.
Decided Jan. 25, 1983.
 
 F. Nash Bilisoly, Norfolk, Va. (Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for appellants.
 R. Barrow Blackwell, Norfolk, Va. (Stanley G. Barr, Jr., Kaufman & Canoles, Norfolk, Va., on brief), for appellee.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Gary R. Brown and other professional supporting personnel formerly employed by the Virginia Opera Association appeal from a decision of the district court holding no implied private right of action exists under section 5(i) of the National Foundation on the Arts and Humanities Act of 1965, 20 U.S.C. Sec. 954(i). We affirm.
 
 
 2
 Section 954(i) imposes, as a condition to the receipt of any grant given under its provisions, an obligation on recipients to pay wages to supporting personnel which are not less than the prevailing minimum compensation for persons employed in similar activities. Brown and other supporting personnel sued the Association, a recipient of funds distributed under the Act, alleging it had failed to pay the required minimum compensation.
 
 
 3
 The Act makes no express provision for a private right of action to enforce section 954(i). We believe the district court correctly decided not to imply a private cause of action. There is no suggestion in the text or legislative history of the Act that Congress intended a private right of action to exist. Cf. Touche Ross & Co. v. Redington, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979); Cort v. Ash, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). The regulations implementing section 954(i) provide an enforcement mechanism in the form of a funds cutoff should a grant recipient fail to comply with the minimum compensation requirements. See 29 C.F.R. Sec. 505.7 (1982). Furthermore, the Act does grant an express private right of action to underpaid laborers and mechanics employed on construction projects funded by grants awarded under the Act. See 20 U.S.C. Sec. 954(j). Thus, Congress apparently intended the cutoff of funds to be the exclusive remedy for any violation of section 954(i), and it did not intend to grant to professional supporting personnel a private right of action as it had to mechanics and laborers in section 954(j).
 
 
 4
 AFFIRMED.